**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:18-CR-00279<br>3:18-CR-00280 |
| MICHAEL RINALDI, | (MARIANI, J.)<br>(MEHALCHICK, M.J.) |
| Defendant | |

**MEMORANDUM**

This matter comes before the Court on Defendant's Motions for Pretrial Release, filed on April 2, 2020. (Dkt. No. 3:18-CR-279, Doc. 274; 3:18-CR-280, Doc. 273).[1] Defendant, Michael Rinaldi, moves this Court to revisit its earlier orders of detention to include consideration of the COVID-19 pandemic, and objects to the Court's General Order 20-01 of March 18, 2020. (Doc. 274). He also alleges that his continued detention violates his Constitutional rights to due process and a speedy trial. (Doc. 274). The Government opposes Rinaldi's motion.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On January 21, 2020, Rinaldi was charged by Superseding Indictment with one count of conspiracy to distribute and possess with intent to distribute 500 grams and more of cocaine,

---

[1] Unless otherwise noted, all docket citations herein refer to the docket numbers in 3:18-CR-279. The Government has moved to dismiss Rinaldi from case number 3:18-CR-280, and that motion is pending. Rinaldi has filed the same motion and supporting documents in both cases and the Court will docket this Memorandum and the accompanying Order in both cases.

28 grams and more of cocaine Base ("crack"), and quantities of heroin and marijuana, in violation 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); and one count of distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1). (Doc. 220). The Superseding Indictment further alleged that Rinaldi was subject to enhanced penalties under 21 U.S.C. §§ 841 and 851, as he had previously been convicted of a drug trafficking felony for which he served more than twelve months of imprisonment.

On January 30, 2020, Rinaldi appeared in court for his initial appearance and a detention hearing. The Court determined that Rinaldi had not rebutted the presumption in favor of detention,[2] and further that detention was warranted based on consideration of the factors to be enumerated by the Bail Reform Act – the nature and circumstances of the offenses charged; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the danger to the community should he be released. As to the history and characteristics factor, the Court specifically considered Rinaldi's prior criminal history; his participation in criminal activity while on probation, parole or supervision; and his prior violations of probation, parole, or supervised release. In particular, the Court noted that the alleged offenses occurred while Rinaldi on supervised release as part

---

[2] Under the Bail Reform Act, certain cases, such as the instant case, raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3). A defendant may rebut the presumption of detention by producing "some credible evidence ... that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The charges against Rinaldi are serious drug trafficking charges which raise the presumption under § 3142(e)(3); additionally, a presumption of detention applies pursuant to § 3142(e)(2) due to Rinaldi's prior felony drug trafficking conviction.

of a prior sentence on another conviction in this Court. Rinaldi was ordered detained pending trial pursuant to 18 U.S.C. 3142(e). (Docs. 236, 247).

Rinaldi is housed in Lackawanna County Prison. Rinaldi asks this Court to reopen the detention hearing in this matter due to the "changed circumstances" presented by the COVID-19 pandemic, but asserts that he is *not* seeking release due to any increased risk of contracting COVID-19. He also asserts that the hearing should be reopened so that the government must present witness testimony or other evidence and otherwise not be allowed to proceed by proffer. Finally, Rinaldi asserts that his continued detention violates his Constitutional rights to due process and a speedy trial. (Doc. 274). The Government filed a brief in opposition to the motion. (Doc. 279). Rinaldi filed a reply in support of his motion (Doc. 283), in which he continues to object to the Government's proffer of evidence in support of detention, reiterating that he is not moving for release because he is at risk of contracting COVID-19, but rather that the existence of COVID-19 is impeding his ability to prepare for trial and that his due process rights are being infringed upon by his continued detention due to the conditions at Lackawanna County Prison where Rinaldi is detained.

In a subsequent letter to the Court (Doc. 285), Rinaldi clarifies that he is seeking reconsideration of the previous Orders of detention pursuant to 18 U.S.C § 3164(c) and the Eighth Amendment. In closing, he asks that the Court schedule a hearing on his motion. (Doc. 285). The Government filed a response to Rinaldi's letter (Doc. 286), reiterating its opposition to Rinaldi's motion.

**II.     DISCUSSION**

   A.  THE COVID-19 PANDEMIC

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[3] The COVID-19 outbreak caused the President of the United States to declare a national emergency and the Governor of the Commonwealth of Pennsylvania to declare a state of emergency.[4] As of the date of this writing, there are 2,724,809 confirmed cases worldwide and 187,847 deaths; in the United States, there are 860,772 confirmed cases and 44,053 deaths.[5] In response to the pandemic, the District Court has taken a number of steps to address the issues associated with pandemic, including anticipated delays and difficulty in defendants preparing for trial and in scheduling trials. *See* General Orders 20-01, 20-01 (Supp.), https://www.pamd.uscourts.gov/court-info/local-rules-and-orders/general-orders (excluding all time from March 16, 2020 through April 30, 2020 under the Speedy Trial Act).

---

[3] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

[4] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

[5] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited April 25, 2020).

B. CONDITIONS AT LACKAWANNA COUNTY PRISON

Filed with the Government's brief in opposition are the preventative actions taken by Lackawanna County Prison in response to the COVID-19 pandemic. (Doc. 280-1; Doc. 280-2). Specifically, the prison implemented an action plan designed to mitigate the potential for spread of COVID-19 inside its facility, and for the protection of inmates and staff, including suspending contact visits, regular visitation, and visitation from volunteers, including religious leaders; implementing aggressive sanitation programs; suspending all programs that utilize "outside" employees; limiting individuals past reception to prison and medical staff; limiting attorney visits with inmates to meetings through the glass of a lawyer visitation room; cancelling all conferences and out-of-county trainings; planning for weekly contact with officials from the Pennsylvania Department of Corrections; and posting educational flyers in the blocks and in the reception area.

As of April 2, 2020, one correctional officer at the Lackawanna County Prison tested positive for the virus. The Government submits that, according to the U.S. Marshals Service, the officer who tested positive did not have any close contact with Marshal Service Personnel, and that it is unlikely, though possible, that the officer who tested positive had close contact with federal inmates at the prison. The inmates have been advised of the situation and are currently on lockdown. The prison continues to admit prisoners during the lockdown. Inmates are permitted out of their cells for showers, phone calls, attorney visits (through glass windows), and video teleconferencing for court proceedings. No other cases of the virus have been reported at the prison.

In addition to the above measures and precautions, effective March 20, 2020, the Warden of Lackawanna County Prison began requiring that all employees and other

individuals (including counsel for inmates) be screened for fevers, and if necessary, other symptoms, upon entering the prison. (Doc. 280-2). No other cases of the virus have been reported at Lackawanna County Prison.

### III. REOPENING OF DETENTION HEARING PURSUANT TO § 3142(F)

Rinaldi urges this Court to reopen the detention hearing in this matter. In his motion, Rinaldi makes the same arguments he made at his first detention hearing before this Court – that the evidence by the Government is "weak" and that his co-defendants have been released so he should be as well. He reiterates his argument that the Government should not be allowed to rely upon proffers in moving for detention. (Doc. 273). Rinaldi also submits that the changed circumstances of the COVID-19 pandemic are delaying his trial in violation of his right to a speedy trial guaranteed under the Sixth Amendment, and creating conditions of confinement that violate his rights under the Eighth Amendment.

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened:

> … before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

For the following reasons, Rinaldi's motion is denied.

#### A. USE OF PROFFERS AT DETENTION HEARINGS

Rinaldi first submits that his detention hearing should be reopened because the Court relied upon proffers by the Government in making its decision to detain him pending trial. Rinaldi's argument on this point is without merit. It is well-settled that the Government may proceed by proffer, that hearsay testimony may be used, and that the Court has discretion

6

whether to require direct witness testimony. *United States v. Matthias*, CR 2016-0025, 2017 WL 1536430, at *6 (D.V.I. Apr. 27, 2017); *see also* United States v. Delker, 757 F.2d 1390 (3d Cir. 1985); *United States v. Muse*, 2014 WL 495121, at *1 (D.N.J. Feb. 6, 2014); *United States v. Wrensford*, 2012 WL 6028628, at *4 (D.V.I. Dec. 4, 2012) (affirming a detention order and stating that "[t]he weight of evidence factor may be satisfied by reliance on an affidavit"); *United States v. Flanders*, 2010 WL 4054442, at *6 (D.V.I. Oct. 15, 2010) (affirming the detention order and noting that "it was proper to proceed on the Government's detention motion by proffer"); *United States v. Schenberger*, 498 F. Supp. 2d 738, 739 n.2 (D.N.J. 2007) (ordering the defendant detained pending trial and noting that "[a]s was its right[,] the government proceeded by proffer at the detention hearing").

In support of this argument, Rinaldi also relies on the Third Circuit's decision in *United States v. Accetturo*, 783 F.2d 382 (3d Cir. 1986), but this reliance is misplaced. The court is able to reconcile the competing demands of speed and of reliability, and through "sensible exercise of this power of selection, the judicial officer can make meaningful the defendant's right to cross-examine without unnecessarily transforming the bail hearing into a full-fledged trial or defendant's discovery expedition." *Accetturo*, 783 F.2d at 389. Further, any assertion by Rinaldi that he has a right to confront the Government's evidence at a detention hearing is incorrect. *Matthias*, 2017 WL 1536430, at *7; citing *Delker*, 757 F.2d at 1396.

For these reasons, Rinaldi's request to reopen his detention hearing because the Government relied on proffers at the original hearing is denied.

B. NEW INFORMATION WITH MATERIAL BEARING ON THE ISSUE OF DETENTION

The Bail Reform Act generally requires release of a defendant prior to trial unless a judicial officer determines, after a hearing, that "no condition or combination of conditions will reasonably assure the appearance of the person ... and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). In determining whether any conditions of release will be sufficient, the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Nothing Rinaldi offers in his motion changes the Court's original analysis, and he presents no new information with any material bearing on the issue of his pretrial detention. In his motion, he makes the same arguments that he made at his detention hearing on January 30, 2020 – that the Government should not be allowed to proceed by proffer and that his co-defendants have been released and therefore he should be as well. At the conclusion of that hearing, the Court determined that Rinaldi had not rebutted the presumption in favor of detention and further, that detention was warranted based on consideration of the nature and circumstances of the offenses charged; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the danger to the community should he be released. Specifically, Rinaldi's prior criminal history; his participation in criminal activity

while on probation, parole or supervision; and his prior violations of probation, parole, or supervised release weighed in favor of detention. The Court noted that the alleged offenses occurred while Rinaldi on supervised release as part of a prior sentence on another conviction in this Court.

Rinaldi presents nothing in his motion that is new evidence and has a material impact on any of the factors previously considered by this Court in determining that he should be detained. His argument is essentially the same as that already made before this Court, and Court finds there is no basis to reopen the hearing. The factors to be considered under the Bail Reform Act still overwhelming weigh in favor of detention. The nature and circumstances of the offenses charged are very serious and carry with them substantial penalties. The weight of the evidence against Rinaldi is strong. Rinaldi's history and characteristics remain the same – his prior criminal history; his participation in criminal activity while on probation, parole or supervision; his prior violations of probation, parole, or supervised release; and in particular, the fact that the alleged offenses occurred while Rinaldi on supervised release as part of a prior sentence on another conviction in this Court – all weigh in favor of detention. Finally, the danger to the community should he be released weighs in favor of detention. Rinaldi's motion to reopen the Court's detention decision pursuant to 18 U.S.C. § 3142(f) is denied.

C. VIOLATION OF SIXTH AND EIGHTH AMENDMENT RIGHTS

Finally, Rinaldi suggests that his continued pretrial detention violates his Sixth and Eighth Amendment rights. He submits that his continued detention, and the exclusion of this time from the Speedy Trial Act, as ordered by the District Court in its Orders 20-01, 20-01

(Supp.), violates his right to a speedy trial under the Sixth Amendment and 18 U.S.C. §3164, and his Eighth Amendment rights.

As to Rinaldi's Speedy Trial Act argument, that issue is pending before the District Court in a motion to dismiss filed by Rinaldi (Doc. 259), and is not properly before this Court in the motion to reconsider detention. As such, the Court declines to address that issue here.

Rinaldi's Eighth Amendment argument also fails. Rinaldi submits that his continued pretrial detention and the conditions at Lackawanna County Prison violate his right to due process. In his last submissions – Doc. 283 and Doc. 285 – Rinaldi asserts that he is not seeking release because he is at risk of contracting the COVID-19 virus, but that his continued detention during the pandemic, and the resulting delays in his trial give rise to a conditions of confinement claim under the Eighth Amendment.

The Eighth Amendment "was designed to protect those convicted of crimes and consequently the Clause applies only after the State has complied with constitutional guarantees traditionally associated with criminal prosecutions." *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005); quoting *Whitley v. Albers*, 475 U.S. 312, 318, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (citation and internal quotations omitted). Thus, the Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until "after sentence and conviction." *Hubbard*, 399 F.3d at 164; quoting *Graham v. Connor*, 490 U.S. 386, 392 n. 6, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Instead, a federal pretrial detainee's constitutional rights related to conditions of confinement flow from the Due Process Clause of the Fifth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[U]nder the Due Process Clauses, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell*, 441 U.S. at 535–36. The proper standard for examining such claims is the standard set forth

in *Bell* – whether the conditions of confinement amount to punishment prior to an adjudication of guilt. *Davis v. City of Philadelphia*, 284 F.Supp.3d 744, 752 (E.D. Pa. 2018) (internal citations omitted). Pretrial detention under the Bail Reform Act does not on its face violate the due-process clause of the Fifth Amendment. *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Pretrial detention in order to secure a defendant's appearance or protect the public is not punitive; it does not constitute "impermissible punishment before trial" that would violate due process. *See Salerno*, 481 U.S. at 742, 748. As long as it is reasonably related to a legitimate governmental objective, pretrial detention without more does not amount to punishment. However, detention that is not reasonably related to a legitimate goal, or is arbitrary or purposeless, may constitute constitutionally prohibited punishment. *See Bell*, 441 U.S. at 539.

Whether a pretrial detainee has been punished generally turns on whether the conditions have a purpose other than punishment, and whether the totality of the conditions are "excessive" such that they resulted in "genuine privations of hardship over an extended period of time." *Hall-Wadley*, 386 F.Supp.3d 512,516 (E.D.Pa. 2019); quoting *Bell*, 441 U.S. at 538–39; *Hubbard*, 399 F.3d at 159–60. "Absent a showing of an expressed intent to punish on the part of the detention facility officials, … if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell*, 441 U.S. at 538-39.

In this case, Rinaldi's due process argument fails. He makes neither a compelling case of a constitutionally cognizable deprivation nor demonstrates that Lackawanna County Prison is being deliberately indifferent to the needs and circumstances of the people who are in its custody. Rinaldi asserts that the conditions at Lackawanna County Prison are

inadequate, arguing that the inmates are provided one bar of soap every two weeks, and a roll of toilet paper once a week. (Doc. 283, at 5). Rinaldi has not established that the conditions at the prison are "arbitrary or purposeless." *See Bell,* 441 U.S. at 539. Rinaldi has not shown that the prison and authorities are unable or unwilling to address COVID-19; to the contrary, the Government has provided the Court with updates on the conditions at Lackawanna County Prison, and the steps being taken by prison officials to combat the COVID-19 pandemic. *See Boatwright,* 2020 WL 1639855, at *6–7 (rejecting general Fifth Amendment arguments that applied equally to any detainee, and noting that the prison was taking reasonable recommended precautions); *Lee,* 2020 WL 1541049, at *5 (rejecting Fifth Amendment arguments in light of aggressive precautions being taken by the prison to prevent the spread of COVID-19); *United States v. Villegas,* No. 2:19-cr-568-AB, 2020 WL 1649520, at *2–3 (C.D. Cal. Apr. 3, 2020) (finding no evidence of arbitrary and punitive intent where the Bureau of Prisons was responding to prevent infectious outbreak, protect inmate health, and preserve internal order); *United States v. Moran,* No. SAG-19-0585, 2020 WL 1663366, at *2 (D. Md. Apr. 3, 2020) (noting that while detention during a pandemic was not optimal, the measures taken by the prison facility were reasonable under the circumstances, so the defendant's allegations did not rise to the level of a constitutional violation); *see also United States v. Boone*, 2:16-CR-00020-TLN, 2020 WL 1865202, at *3 (E.D. Cal. Apr. 14, 2020); *Peterson v. Diaz*, No. 2:19-cv-01480-WBS-GGH, 2020 WL 1640008, *2 (E.D. Cal. Apr. 2, 2020). The evidence before the Court shows Lackawanna County Prison is complying with guidelines set forth by the Center for Disease Control and taking steps and precautions to mitigate and control the virus at the prison. *See United States v. Robert Leake*, 19-CR-194 (KBJ), 2020 WL 1905150, at *5 (D.D.C. Apr. 17, 2020).

Rinaldi alleges that some of the inmates have engaged in a hunger strike protesting the conditions (Doc. 283, at 5), but admits that this resulted in another roll of toilet paper to each inmate and an extra soap to some of them. He also generally claims that inmates are threatened with being placed "in the hole" or losing other privileges if they object or complain about the conditions, but does not allege that he has been threatened or identify any specific instance of such a threat. No other cases of the virus have been reported at the prison. In sum, Rinaldi makes general and sweeping allegations attacking the custodial conditions at Lackawanna County Prison. The evidence proffered by the Government rebuts these allegations. Rinaldi has not shown that his conditions of confinement are imposed in a punitive manner or that he is being denied the minimal civilized measure of life's necessities. District Courts throughout the country, including in this District, have rejected Constitutional challenges to pretrial detention based on general concerns over the COVID-19 pandemic. *See United States v. Cook*, No. 3:16-CR-312 (M.D. Pa. April 22, 2020); *United States v. Haskins*, 1:CR-19-328, 2020 WL 1974414, at *7 (M.D. Pa. Apr. 24, 2020) (Carlson, M.J.); *see also United States v. Hernandez*, 3:19-CR-346-K, 2020 WL 1876102, at *5 (N.D. Tex. Apr. 14, 2020) (collecting cases).

Based on the information before the Court, the Court finds Rinaldi's conditions of pretrial detention are reasonably related to legitimate government interests, and his constitutional argument fails.

IV.   **CONCLUSION**

The findings made pursuant to the Court's previous detention order remain unchanged. The Court has considered the evidence and argument presented by the Government and by Rinaldi. Rinaldi has not presented the Court with any new argument or evidence that has

material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of the community. The balance of the factors under the Bail Reform Act – the nature and circumstances of the offenses charged, the weight of the evidence, the history and characteristics of the defendant, and the danger to the community upon release – mandate that Rinaldi remain detained, as there is no condition or combination of conditions that can reasonably assure the safety of the community should he be released. Finally, Rinaldi's argument for release based on a potential violation of his Constitutional rights fails.

For these reasons, Rinaldi's motion for pretrial release (Doc. 274) is **DENIED**.

An appropriate Order will follow.

Dated: April 27, 2020

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**